## MURTAGH et al. v. KINGSLAND BRICK CO.

(Supreme Court, Appellate Division, First Department. May 24, 1907.)

1. PLEADING—AMENDMENT—ALLOWANCE.

> After a cause had been placed on the short-cause calendar, counsel for defendant asked plaintiffs' attorney to allow defendant to amend the answer, which he refused to do, whereupon defendant's counsel prepared an amended answer, and a month later made a motion to be allowed to serve it. The amendment merely enlarged the defense in the original answer. Plaintiffs did not lose anything by the delay in making the motion, and the amendment would not delay the trial. *Held*, that the court erred in failing to allow the amendment.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 765–772.]

2. SAME—AFFIDAVITS—NECESSITY.

> Where, in an action against a corporation, a proposed amended answer merely enlarges the defense in the original answer, an affidavit of an officer of the corporation on the motion for leave to serve the amended answer is unnecessary.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 622.]

Appeal from Special Term, New York County.

Action by Charles E. Murtagh and another against the Kingsland Brick Company. From an order denying a motion to allow defendant to serve an amended answer, it appeals. Reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, Mc-LAUGHLIN, CLARKE, and LAMBERT, JJ.

Josiah Canter, for appellant.

Max D. Steuer, for respondents.

INGRAHAM, J. I do not see why this defendant should not have been allowed to serve an amended answer. The case first appeared on the calendar in the October term, 1906, when a motion was made to place the case on the short-cause calendar. After that motion was granted, and when present counsel was retained to try the case, he, on the 29th of October, asked plaintiffs' attorney to consent to allow defendant to amend the answer, stating that in consequence of the absence in California of the president of the defendant corporation that he should ask for an adjournment of the trial until the return of the defendant's president. On October 30th the plaintiffs' attorney refused to consent either to the adjournment or the amendment, whereupon the defendant's counsel prepared an amended answer, and on December 1st made this motion to be allowed to serve it. The amendment simply enlarges the defense set up in the original answer, and puts the pleading in the shape the defendant desires in order to present the question as to his liability under this alleged contract. It is an amendment which, according to the present counsel for the defendant, is necessary to present the defenses which the defendant by the original answer intended to present, but which in the opinion of the present counsel, who is to try the case, is not sufficiently definite for the purpose. It is not alleged that the plaintiff has lost anything by the delay in making the motion, which was but a little over a month, and the service of this amended answer need not at all delay the trial. The nature of this amendment did not require an affidavit of one of the officers of the defendant. The question as to a formal allegation necessary to properly present the defense was a question to be determined by the defendant's counsel, and about which the officers of the defendant could have no knowledge.

I think the order appealed from should be reversed, and the motion granted, upon payment of the plaintiffs' costs to date, the case to retain its position upon the calendar, and to be tried without further delay when the same is reached, with $10 costs and disbursements of this appeal to the appellant. All concur.